UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>KYLE PRIOR,<br><br>　　　　　　　　Defendant. | Case No. 4:11-cr-00204-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it defendant Kyle Prior's Motion to Modify Judgment (Dkt. 34). For the reasons explained below, the Court will deny the motion.

# BACKGROUND

Prior pleaded guilty to theft of federal funds and was sentenced to ten months in prison. The Court recommended that Prior be placed in a Residential Reentry Center Placement at the Port of Hope in Nampa, Idaho. "The reasons for this specific recommendation include[d] employment retention, work release privileges, continuation of substance abuse aftercare treatment, and the ability to continue educational pursuits." *Judgment,* Dkt. 33, at 2.

The Bureau of Prisons placed Prior at the Port of Hope, just as the Court recommended. But Prior is only allowed to leave the facility for work; he cannot leave for any other reason. *See Motion,* Dkt. 34, at 2. Prior thus asks this Court to modify his sentence to probation or, in the alternative, home detention, so that he can attend "aftercare substance abuse treatment," school, and church services. *Id.*

## ANALYSIS

Under 18 U.S.C. § 3582 courts "may not modify a term of imprisonment once it has been imposed except . . . ." in certain limited situations, none of which apply here. *See* 18 U.S.C. § 3528; *see generally United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000). Prior does not argue that any of the exceptions laid out in § 3582 apply.[1] Instead, he argues that his sentence should be modified simply because he has not been granted all the privileges he assumed he would have at the Port of Hope.

Prior has not cited any authority that would allow the Court to modify his sentence for this reason. The Bureau of Prisons has the statutory authority to choose the location where prisoners serve their sentences. *See* 18 U.S.C. § 3621(b) (""The Bureau of Prisons shall designate the place of the prisoner's imprisonment."). If the sentencing court recommends a particular type of correctional facility, the Bureau of Prisons must consider that recommendation, but it is not binding. *See* 18 U.S.C. § 3621(b); *United States v. Ceballos,* 671 F.3d 852, 855 (9th Cir. 2011) ("Section 3621(b) thus gives non-

---

[1] The exceptions include, for example, cases where the Director of the Bureau of Prisons moves to reduce the sentence based on extraordinary and compelling reasons. *See* 18 U.S.C. § 3582(c)(1).

binding weight to recommendations made by the sentencing court."). So in this case, the Bureau of Prisons was not even required to place Prior at the Port of Hope. The fact that he was placed there, but does not enjoy all the privileges he expected, does not provide any basis for the Court to modify his sentence. The Motion to Modify Judgment will be denied.

## ORDER

**IT IS ORDERED THAT:**

1. Defendant's Motion to Modify Judgment (Dkt. 34) is **DENIED.**

DATED: February 14, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court